UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME ROBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-1081-JD |
| | ) | 3:13-CV-1154-JD |
| DAVID GILBERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

*Background*

Jerome Roby, a *pro se* plaintiff, filed two § 1983 complaints in this Court (case '1081 and case '1154), raising constitutional claims with respect to arrests and searches which took place in February and October 2013. On November 7, 2013, Roby filed a letter indicating that his address had changed from 816 South Galitan Street to 308 East 14th Street [case '1081 DE 4]. Despite using this updated mailing address, various filings and orders have been returned to defense counsel and the Court indicating that the documents were undeliverable as addressed and could not be forwarded. As a result, the defendants in case '1154 moved to dismiss for lack of prosecution.

Rather than penalizing Roby with outright dismissal of his cases, the Court (after detailing the ongoing problems resulting from Roby's failure to keep an updated mailing address on file), ordered Roby to provide a current mailing address which would allow his *consistent* receipt of all filings [case '1081 DE 29; case '1154 DE 19]. The undersigned explicitly cautioned Roby that if he failed to respond by March 21, 2014, his cases would be dismissed without further notice. *Id*. That order was also mailed to the plaintiff at his last known address,

308 East 14th Street, but was returned to the Court as undeliverable [case '1081 DE 31; case '1154 DE 20]. Roby did not respond to the order or otherwise contact the Court by March 21. As a result, on April 4, 2014, consistent with the Court's explicit warning, Roby's cases were dismissed without prejudice for failure to provide a current mailing address and failure to comply with the Court's order [case '1081 DE 33; case '1154 DE 21].

After being arrested on or about April 7, 2014, Roby updated the Court with his Grant County Jail address and filed a motion pursuant to Rule 60(b) to reinstate the cases [case '1081 DE 36; case '1154 DE 23]. In his motion, Roby represented that after he received one of the Court's dismissal orders at his 308 East 14th Street address (from case '1154[1]), he realized that "someone at [his] address sent papers back to the courts" while he was hospitalized.[2] Therefore, Roby argued that his cases should be reinstated as a result of his "excusable neglect."

Roby did not identify who that "someone" at his residence may have been, and he did not produce any evidence of his being unavailable for approximately four months (given that the return of mailings began in November 2013 and continued through April 2014) due to his alleged hospitalization. In addition, while not consistently receiving filings at the 308 East 14th Street address, Roby continued to file papers in both of his cases without providing an updated address.

Naturally, the defendants objected to Roby's request to reinstate his cases, indicating that it is more likely that Roby was evading arrest up until April 10, since state criminal charges had

---

[1] Despite being sent to the same 308 East 14th Street address, the dismissal order from case '1081 was returned as undeliverable [DE 35].

[2] Needless to say, all documents returned to the Court were actually returned by the U.S. Post Office and marked "MOVED LEFT NO ADDRESS UNABLE TO FORWARD RETURN TO SENDER," rather than being re-mailed or returned by some unknown individual as Roby claims.

2

been filed against him on November 12, 2013 in case 27C01-1311-FB-000074 [case '1081 DE 37-1; case '1154 DE 24-1]. These charges were brought after Roby's home (located at 308 East 14th Street, per the warrant) was searched on October 24, 2013 [case '1154 DE 1, DE 1-1].

In reply, Roby filed a letter indicating that certain police officers, who are named defendants in the instant cases, were responsible for intentionally altering his mailing address with the post office, in an attempt to get these lawsuits dismissed [case '1081 DE 42; case '1154 DE 27]. Roby confirmed that his mail should be going to his 308 East 14th Street address.

Upon issuing a report and recommendation with respect to Roby's requested reinstatement [case '1081 DE 43; case '1154 DE 28], the magistrate judge determined on October 2, 2014, that Roby had failed to show any justification for relief under Fed. R. Civ. P. 60(b) because ultimately Roby had neglected his cases by avoiding service of documents throughout the litigation, and he had failed to show that his neglect was in any way excusable. The magistrate judge further concluded that Roby had provided no evidence to support his allegations that others were diverting his mail.

On October 23, 2014, Roby filed a belated objection to the magistrate judge's report and recommendation [case '1081 DE 44; case '1154 DE 29], entitled a motion to correct errors under Rules 59 and 60. Therein, Roby indicated that he had mistakenly reported his address as being 308 East 14th Street, when in fact his address is really 803 East 14th Street. Roby also claimed that the Department of Child Services somehow played a role in his not receiving his court mail because he was ordered to live elsewhere while his children lived in the family home.[3]

---

[3]Despite Roby's allegations against DCS, the documents he provided actually indicate that he went back to the family home in early October 2013, and his children had to live elsewhere.

Defendants responded to Roby's objections [case '1081 DE 46, DE 48; case '1154 DE 31]. They acknowledged that Roby's untimely objections, which were due by October 20, 2014, may still be considered by the Court, although they believe the untimeliness of the objections serve as further evidence of Roby's dilatory conduct and failure to actively prosecute his claims. Moreover, defendants have represented that a search for Roby's newly claimed address of 803 East 14th Street, revealed that it is not a valid address.

*Discussion*

Although Roby's objections were filed a few days late, the filing deadline is not jurisdictional; and thus, the Court is not barred from considering them. *Kruger v. Apfel,* 214 F.3d 784, 786-87 (7th Cir. 2000). In addition, the filing was not egregiously late and didn't cause prejudice to defendants who have taken the opportunity to respond to Roby's belated filing. *Id*. Therefore, consistent with Federal Rule of Civil Procedure 72(B), the undersigned undertakes a *de novo* review "of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). After conducting the requisite *de novo* review of the magistrate judge's report and recommendation, the undersigned has discretion to accept, reject, modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

Whether Roby's motion to reinstate is considered a motion pursuant to Rule 59(e), thereby requiring him to clearly establish that the court committed a manifest error of law or fact, or that newly discovered evidence precluded entry of judgment; or, Roby's request for relief is considered under the more stringent standard of Rule 60(b), which is an "extraordinary remedy" granted only in exceptional circumstances, Roby's motion to reinstate is appropriately

denied. *See Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir. 2013) (citing *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

Roby has engaged in a continuous course of dilatory conduct with respect to his pending cases. Since November 2013, filings in Roby's cases, including court orders, have been returned as undeliverable despite Roby's *known* duty to keep his address current—as evidenced by Roby's updating his address previously. While Roby avoided service and remained unreachable to the Court and defense counsel, he continued to file documents seeking relief against defendants without providing a workable address. Given these persistent dilatory tactics, the Court explicitly warned Roby that he risked dismissal of his cases if he failed to provide an address which would allow for his consistent receipt of filings—a warning which Roby failed to heed. It was only after Roby was located and arrested that he bothered to contact the Court regarding his address.

Realizing that dismissal is an extraordinarily harsh sanction to be used only in extreme sanctions, the undersigned believes this conduct evidences a clear pattern of delay and contumacious conduct warranting the dismissal of Roby's cases. *See, e.g., Salata v. Weyerhaeuser Co.,* 757 F.3d 695 (7th Cir. 2014) (the attorney's lack of awareness of hearings and motions because the e-mail address she had on file with the court was no longer current did not constitute "excusable neglect," and thus the excuse could not relieve her of the sanction through dismissal with prejudice for failure to prosecute).

However, even if this wasn't enough to warrant dismissal, there is additional egregious conduct by Roby that must be considered—that is, Roby's intentional misrepresentations to the Court. Roby has crafted no less than four different excuses for his non-receipt of Court filings, some of which reflect serious baseless accusations against law enforcement and DCS for essentially obstructing justice. None of these excuses are believable given their evolving nature

5

and Roby's failure to provide any evidence in support of them. Moreover, Roby's most recent excuse—that he misstated his address on multiple filings—is simply a lie. Roby's own filings over the course of the past year consistently noted his address as 308 East 14th Street. Further, a search for Roby's alleged address change to 803 East 14th Street reveals its non-existence, as represented by defendants. These repetitive misrepresentations are intentional and serious, and will likely continue if Roby is allowed to proceed with this litigation.

As the Seventh Circuit has often reminded litigants, even those who are *pro se* must follow court rules and directives. *McInnis v. Duncan,* 697 F.3d 661, 665 (7th Cir. 2012). Here, Roby has not only failed to comply with this Court's orders, but he has engaged in a pattern of misrepresenting the reasons for his conduct. Thus, options other than dismissal will not suffice, *see Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013) (the punishment must fit the crime and a district court shall consider whether other options would be fruitful), except that, the dismissal shall remain one *without* prejudice given Roby's *pro se* status. *See, Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014) (dismissal for failure to prosecute is presumptively with prejudice which would operate to preclude a second materially identical suit on res judicata grounds, although there may be sufficient reason to order otherwise). As acknowledged by defendants [case '1081 DE 37 at 5; case '1154 DE 24 at 5], Roby will not be prejudiced if allowed to re-file his § 1983 claims within the two year statute of limitations, should he so choose.

For these reasons, the Court ADOPTS the magistrate judge's report and recommendation [case '1081 DE 43; case '1154 DE 28], insofar as it recommends denying reinstatement, and DENIES Roby's Motion for Reinstatement [case '1081 DE 36; case '1154 DE 23] and Motion to Correct Errors [case '1081 DE 44; case '1154 DE 29].

SO ORDERED.

ENTERED:   December 1, 2014

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court